# UNITED STATES DISTRICT COURT
for the
Eastern District of California



FILED
DEC 1 8 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Thorn Meas | ) | Case No.   1:12-cr-00292-AWI-BAM |
| | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)*  US District Court, 2500 Tulare St. Fresno CA, 6th floor
                                                                                                         *Place*

Crtrm 8, before Judge McAuliffe   on   January 14, 2013 at 1:00 p.m
                                                                  *Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✓ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( ✓ ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
Ten Thousand Dollars                                                                dollars ($  10,000.00  )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

MEAS, Thorn Dara
Dkt. No. 12-292-01

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(X) (7) The defendant is placed in the custody of:

Name of person or organization   Sopheap Kong

who agrees (a) to supervise the defendant in accordance with all conditions of release,
(b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

SIGNED: _____
CUSTODIAN OR PROXY

(X) (8) The defendant shall:
( ) (a) maintain or actively seek employment, and provide proof thereof to the PSO, upon request.
( ) (b) maintain or commence an educational program.
(X) (c) abide by the following restrictions on his personal associations, place of abode, or travel:
Reside at the residence of Sopheap Kong, and not move or be absent from this residence without prior approval of PSO; travel restricted to Fresno County, unless otherwise approved in advance by PSO.
(X) (d) not associate or have any contact with the following named persons, Sokhang Nguon, Mayo Martinez Murillo, and Youn Yen, unless in the presence of counsel or otherwise approved in advance by the PSO.
(X) (e) report on a regular basis to the following agency:
Pretrial Services and comply with their rules and regulations.
( ) (f) comply with the following curfew:
(X) (g) refrain from possessing a firearm, destructive device, or other dangerous weapon; additionally, you shall provide written proof of divestment of all firearms currently under your control; and there shall be no firearms in the residence to which you are released.
(X) (h) refrain from ANY use of alcohol, and any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 USC §802 unless prescribed by a licensed medical practitioner. *However, medical marijuana, prescribed or not, may not be used.*
(X) (i) submit to the search of your person, property, residence, and vehicle by the Pretrial Services Officer, and any other law enforcement officer under the immediate and personal supervision of the Pretrial Services Officer, without a search warrant.
(X) (j) executed a bond or an agreement to forfeit upon failing to appear or failure to abide by any of the conditions of release, the following sum of money or designated property: A $10,000 collateral bond, secured by the proof of ownership certificate, for the 2005 Lincoln LS, owned by Sopheap Kong.
( ) (k) post with the court the following indicia or ownership of the above-described property, or the following amount or percentage of the above-described money:
( ) (l) execute a bail bond with solvent sureties in the amount of $
( ) (m) return to custody each (week)day as of  o'clock after being released each (week)day as of  o'clock for employment, schooling, or the following limited purpose(s):
( ) (n) surrender any passport to the Clerk, United States District Court, prior to your release from custody.
(X) (o) obtain no passport or other travel documents during the pendency of this case.
(X) (p) you shall submit to drug or alcohol testing as approved by the Pretrial Services Officer. You shall pay all or part of the costs of the testing services based upon your ability to pay, as determined by the Pretrial Services Officer.
(X) (q) report any prescriptions to the PSO within 48 hours of receipt.
(X) (r) report in person to the Pretrial Services Agency on the first working day following your release from custody.
(X) (s) participate in the HOME INCARCERATION component of the Location Monitoring program and abide by all the requirements of the program which will include electronic monitoring or other location verification system. The defendant shall pay all or part of the costs of the program based upon your ability to pay as determined by the PSO. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the Pretrial Services office or supervision officer.

(Copies to: Defendant, US Attorney, US Marshal, Pretrial Services)

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTION:

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC §3148, and a prosecution for contempt as provided in 18 USC §401 which could result in a possible term of imprisonment and/or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than ninety days or more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 USC §1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC §1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 USC §1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC §1513 makes it a criminal offense punishable by up to ten years in jail and a $250,00 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for;

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not ore than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_THORN MEPS_
Signature of Defendant

## DIRECTIONS TO UNITED STATES MARSHAL

(X) The defendant is ORDERED released after processing.
( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the Clerk of Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate Judicial Officer at the time and place specified, if still in custody.

DATE: 12/18/2012

_Sheila K. Oberto_
Sheila K. Oberto, U.S. Magistrate Judge

COPY:   DEFENDANT        U.S. ATTORNEY        U.S. MARSHAL        PRETRIAL SERVICE