IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>THORN MEAS,<br><br>                    Defendant. | CASE NO.  1:12-CR-00292-AWI-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

    The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because the defendant received an original sentence below the minimum of the amended range.  The Court will deny the defendant's motion.

    Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A court's authority to modify a sentence is limited by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The defendant was convicted of manufacturing approximately 263 kilograms of marijuana. Although the base offense level for that quantity of marijuana was level 26 at the time of the defendant's sentencing, the sentencing court applied a two-level downward variance in anticipation of Amendment 782. *See* U.S.S.G. 2D1.1(c)(7) (2013). The sentencing court also applied a three-level downward departure for acceptance of responsibility, U.S.S.G. § 3E1.1(b), resulting in a total offense level of 21. Based on the defendant's criminal history category of I, the sentencing guideline range was calculated at 37 to 46 months. The sentencing court then applied a one-month downward variance below the low end of the guideline range in light of the factors articulated in § 3553(a), committing the defendant to a term of 36 months of imprisonment.

The defendant has already received the benefit of Amendment 782 to the Sentencing guidelines. The guideline range remains exactly what it was at the time of the defendant's initial sentencing. Further, Section 1B1.10(b)(2) prohibits this Court from reducing the defendant's sentence to a term less than the minimum of the amended guideline range.  The minimum of the amended range in this case is 37 months.  The defendant received an original sentence of 36 months.  Notwithstanding the fact that the defendant in the original sentencing proceeding received a below-guideline sentence on the basis of a downward variance, this Court may not reduce the sentence further.

IT IS HEREBY ORDERED that defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:   November 10, 2015                    _____
                                              SENIOR DISTRICT JUDGE